IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE TENNESSEE

RARIK ALLAN RASHID )
)
    Plaintiff, ) File#_____
)
v. ) JURY DEMAND
)
CITY OF NOLENSVILLE, TENNESSEE, )
*a public entity*, NOLENSVILLE POLICE )
DEPARTMENT, *a public entity* and )
JIM ALEXANDER, *in his individual and* )
*official capacity* and TROY HUFFINES, )
*in his individual and official capacity* )
)
    Defendants, )

## COMPLAINT

Comes Now, Rarik Allan Rashid, by and through counsel, and for his cause of action against Defendants City of Nolensville and its Mayor Jim Alexander, and Nolensville Police Department and its Police Chief Troy Huffines, would state as follows:

### I. Summary

1. This action seeks compensatory and punitive damages, declaratory relief, equitable relief and attorneys' fees and costs for the deprivation of Plaintiff Rarik Allan Rashid's (hereinafter Plaintiff or Rashid) property and liberty interest in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution committed by the City of Nolensville, Tennessee (Police Chief Troy Huffines, Mayor Jim Alexander) when, without providing Plaintiff notice and a meaningful opportunity to be heard, terminated Plaintiff from employment with the Nolensville Police Department and after a second demand to city officials was

1

denied a meaningful opportunity to be heard to clear his name and defend his reputation against an allegation of excessive force, effectively destroying his liberty to pursue future career interests in law enforcement; for retaliatory discharge under the Tennessee Public Protection Act, whereby Rashid was terminated by the Nolensville Police Department and its Chief Troy Huffines for exercising his ability to file a grievance against the Chief of Police and later being terminated by the Chief due to his complaint against the Chief of Police and for being denied three times the ability to have his grievance and causes presented to city officials in the violation of Public Employee Political Freedom Act;

## II. Jurisdiction and Venue

2. This action arises under the Fourteenth Amendment to the United States Constitution and the Civil Right Act at 42 U.S.C. § 1983;

3. This Court has jurisdiction over this action by virtue of federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343;

4. This Court has authority to award declaratory, injunctive and equitable relief sought by Plaintiff pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202;

5. This Court has authority to award compensatory and punitive damages sought by Plaintiff pursuant to 28 U.S.C. § 1983;

6. This Court has authority to award attorney's fees sought by Plaintiff pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54;

7. Venue is proper with the District Court for the Middle District of Tennessee because this claim arose in Williamson County where at all times material to this Complaint,

the parties resided and the acts committed giving rise to this action occurred pursuant to 28 U.S.C. § 1391(b);

8. Rashid is a former employee of the City of Nolensville as a police officer;

9. At all times material hereto, the City of Nolensville (hereinafter Nolensville) was a municipality formed under the laws of the State of Tennessee, a local government unit, a "person" for purposes of 42 U.S.C. § 1983 under *Monell v. Department of Social Services of the City of New York*, 98 S.Ct. 2018 (US 1978) and the Nolensville Police Department (hereinafter Police Department) with whom Plaintiff was employed and the actions instant to this case arose out of its official policies;

10. Upon information and belief, Defendant Jim Alexander (hereinafter the Mayor), who is being sued in both his individual and official capacities, acted as Mayor of the City of Nolensville which empowered him to take administrative action as it relates to Plaintiff under color of state law;

11. Upon information and belief, Defendant Troy Huffines (hereinafter the Police Chief or Chief Huffines), who is being sued in both his individual and official capacities, acted as Chief of Police for the City of Nolensville's Police Department which empowered him to take administrative action as it relates to Plaintiff under color of state law;

### III. Facts

12. Rashid was suspended from duty with the Nolensville Police Department on or around September 6, 2015;

13. On September 4, 2015 Rashid responded to a noise call were Rashid arrested and cited two of the home occupants with disorderly conduct;

3

14. The arrest warrants were dismissed by the Police Chief without consultation or any reason and without Rashid's knowledge, the dismissal occurred out of court and prior to any court proceeding;

15. Rashid receiving no explanation as to the action and concerned about whether the Police Chief would lend his support to him as an law enforcement officer, filed a grievance against the Police Chief with Nolensville;

16. The Police Chief responded to Rashid's grievance by suspending Rashid for an indefinite period;

17. The Police Chief proscribed that in order for Rashid to return to duty he would be placed on probationary status and remedial training for an officer, all of which was directed by the Police Chief unilaterally;

18. The Personnel Rules and Regulation for the City of Nolensville contains the procedure to discipline employees;

19. The Personnel Rules and Regulations provide that disciplinary actions of an employee is effected by the Mayor;

20. The Police Department did not have a process for resolving grievances against an employee's superior, thus, having no way to assert his grievance against the Police Chief for having been arbitrarily and unilateral suspended, sought representation;

21. On September 11, 2015, Rashid was allowed to return to full duty status. However, Rashid was forced to dismiss his grievance against Police Chief Huffines in order to return to fully duty status;

22. Rashid received discipline from the Police Chief and that discipline was without basis;

4

23. Rashid, from the day he dismissed his grievance on September 11, 2015, was subject to scrutiny and Rashid was of the belief the Police Chief would find a way to terminate his employment in retaliation of the grievance filed;

24. Thereafter, Rashid was on patrol during the overnight shift on December 29, 2015. Just before 0500 (5:00 AM), he was dispatched to a call about a suspicious vehicle. It was reported the driver was sitting in a running vehicle possibly intoxicated. Rashid responded to the scene;

25. On arrival, based upon all observations, including those made during a field sobriety test, Rashid formed probable cause that the driver was under the influence of an intoxicant and in control of a motor vehicle;

26. Rashid placed the driver under arrest for Driving Under the Influence 4th Offense, placing the driver in handcuffs;

27. Rashid escorted the driver to his patrol vehicle and asked the driver to get into the back seat of the patrol vehicle, Rashid had to vie this command to the arrestee several times. A second officer arrived on the scene, Officer Rogers, and upon hearing the commands of Rashid, also advised the driver to comply with verbal commands;

28. Rashid warned driver that if he refused to comply with verbal commands he would be tased and after another verbal command and refusal, Officer Rashid "drive stunned" the driver with a taser;

29. Rashid manually applied the taser just under the left pectoral muscle which caused the driver to comply with both Officers' original command to sit in the police cruiser

afterwhich, the arrestee was transported for processing related to the charged offense of Driving Under the Influence.

30. Nolensville Police Department trains all of its officer on the Department's use of force continuum;

31. Rashid's action were in compliance with the Department's use of force continuum upon which he was trained by the Nolensville Police Department;

32. Thereafter, on January 6, 2016, only four (4) months after September 11, 2015, Rashid received a letter of termination from the Police Chief and the Nolensville Police Department;

33. This letter first sought Rashid's resignation but was later amended by the Police Chief to a letter of termination without a hearing or meeting with Rashid, the Police Chief or any neutral person within the Police Department or City of Nolensville;

34. Nolensville City Policy prescribed that when an adverse action is taken as to an employee's status, that employee can seek a review by making a request for appeal within three days of the adverse action;

35. On Friday January 8, 2016, after receipt of the letter terminating Rashid's employment and pursuant to City of Nolensville policy, Rashid tendered a Notice of Appeal to the Mayor and the Police Chief;

36. Rashid's Notice of Appeal was ignored as the City of Nolensville had taken a position that Rashid did not affect the notice properly;

37. Rashid's Notice of Appeal was tendered within three days of being informed of action adverse to his employment and was written with clarity to place the City of

Nolensville and the Police Chief on notice that Rashid intended to assert his rights as provided through city policy;

38. On April 14, 2016, Rashid sent a letter to members of the Board of Mayor and Alderman of Nolensville, making formal request for a public name clearing hearing before the Board of Mayor and Alderman for Nolensville and Rashid requested an appeal according to the policies and procedures set forth by the Board;

39. The City of Nolensville summarily denying his request for a name clearing hearing;

40. This denial of a name clearing hearing would be Nolensville's second denial of a request for administrative relief in addition to the denial of a process under the grievance filed in September 2015;

41. Rashid's requests were for the City of Nolensville to implement its own policies and procedure in both instances and the denial of Rashid's requests was contrary to Nolensville's own policy;

## Cause of Action

## Count One

### 42 U.S.C 1983 violation by City of Nolensville

42. Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference, makes said paragraphs a part as if fully set forth herein;

43. The City of Nolensville, a public entity incorporated under the laws of the State of Tennessee, having a law enforcement agency charged with enforcing the laws of the state of Tennessee as well as the ordinances proscribed by the City of Nolensville, performs a public function;

44. The City of Nolensville set forth policies and procedure governing employment;

7

45. The City of Nolensville's policies and procedures set forth Due Process procedure for employees subject to actions adverse to their employment, such to create a property interest in an affected persons employment;

46. The City of Nolensville failed to implement its own policies and procedure as it relates to Rashid;

47. Denial of Rashid's requests for a meaningful opportunity to be heard is contrary to the City of Nolensville's own policy and violation 42 U.S.C. 1983;

## Count Two

### 42 U.S.C. 1983 violation by Jimmy Alexander

48. Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference, makes said paragraphs a part as if fully set forth herein;

49. Jimmy Alexander, Mayor of the City of Nolensville, a public entity incorporated under the laws of the State of Tennessee, having a law enforcement agency charged with enforcing the laws of the state of Tennessee as well as the ordinances proscribed by the City of Nolensville, performs a public function;

50. City of Nolensville set forth policies and procedure governing employment;

51. City of Nolensville's policies and procedure set forth Due Process procedures for employees subject to actions adverse to their employed, such to create a property interest in an affected persons employment;

52. Jimmy Alexander was Mayor of the City of Nolensville at all times pertinent to the claim at hand;

53. The City of Nolensville policies and procedures name the Mayor, as the arbitrator to whom an employee should tender notice to assert due process procedures;

8

54. Jimmy Alexander failed to implement the City of Nolensville's own policies and procedure as it relates to Rashid;

55. Denial of Rashid's requests for a meaningful opportunity to be heard is contrary to the City of Nolensville's own policy;

56. Jimmy Alexander's action under color of law in denying Plaintiff's notices and a meaningful opportunity to be heard violated the due process clause of the Fourteenth Amendment of the Constitution of the United States;

## Count Three

## 42 U.S.C. 1983 violation by Chief Huffines

## and the Nolensville Police Department

57. Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference, makes said paragraphs a part as if fully set forth herein;

58. The Nolensville Police Department is a law enforcement agency for the City of Nolensville, a public entity incorporated under the laws of the State of Tennessee,

59. The Nolensville Police Department is a law enforcement agency which employees and trains police officers in accordance with the laws of the State of Tennessee;

60. Rashid received training and instruction as provided and directed by the City of Nolensville, Nolensville Police Department and the Chief of the Nolensville Police Department;

61. Rashid was hired by the Nolensville Police Department and successfully completed the probationary status period and became a full time officer;

62. Rashid was periodically evaluated based on standards set by the Department and the City of Nolensville;

9

63. Satisfactory performance of duties as proscribed are a condition precedent to employment as a police officer with the City of Nolensville;

64. The duties of a police officer are unique to that of other city employees due to the inherent dangers, and thus require continued training, counsel and evaluation as a condition precedent to employment;

65. Chief Huffines as Police Chief of the Nolensville Police Department, is the executor of the department's policies and procedures, as approved by the City of Nolensville;

66. Plaintiff in September 2015 filed a grievance against Chief Huffines for actions Chief Huffines took against Plaintiff as related to his employment;

67. Chief Huffines suspended Plaintiff and Plaintiff made request for a meaningful opportunity to be heard when Chief Huffines suspended him in September of 2015

68. Nolensville Police Department policy mentions a grievance procedure in name but there was no written process

69. Chief Huffines then terminated Plaintiff in January of 2016 from his position as a law enforcement officer, both actions were arbitrary, violation of city policy and a deprivation of Plaintiff's property rights;

70. The reasons given for Plaintiff's discharge are so serious as to constitute a stigma that severely damage his reputation as a law enforcement officer and greatly diminish employment prospects;

71. In denying Rashid a meaningful opportunity to clear his name and defend his reputation concerning allegations of excessive force, Chief Huffines denied him the process through which Rashid was due in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## Count IV
## Violation of the
## Tennessee Public Protection Act

72. Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference, makes said paragraphs a part as if fully set forth herein;

73. Plaintiff at all times pertinent, was an employee of the Nolensville Police Department and the City of Nolensville for purpose of the Tennessee Public Protection, specifically Tennessee Code Annotated 50-1-304 (a) (1) and (2) and was subject to termination over policy decisions Such policies are included in the Nolensville Police Department General Orders, and Rashid was terminated on January 8, 2016 by Defendant Chief;

74. Rashid believed Defendant Chief violated policy when he unilaterally dismissed a criminal action in the Williamson County General Sessions Court, which Rashid filed based on his observations and judgment as a law enforcement officer;

75. Upon learning of the action of Defendant Chief's actions, dismissing the criminal action against the citizen, Rashid sought explanation and later redress concerning the Defendant Chief's actions and he was immediately suspended;

76. Rashid was denied the Grievance Procedure afforded to him through the City of Nolensville policies as it concerns employees. Rashid was denied the ability to access public officials as an employee of the City and as a citizen. By attempting to quiet Rashid's concerns about Defendant Chief. Rashid from that point forward was concerned about his job status in that Defendant Chief would retaliate for his attempt to assert a grievance against Defendant Chief;

11

77. Rashid's use of the taser during the December 29th, 2015 arrest of a driver suspected of Driving Under the Influence in order to get the suspect to comply with orders given to the suspect repeatedly was squarely within the General Orders of the Nolensville Police Department. Defendant Chief performed a unilateral review of Rashid's actions and terminated Rashid in retaliation for his previous questioning of Defendant Chief's decision-making;

78. The Nolensville Police Department received no complaint from the Driving Under the Influence arrestee of December 29th 2015;

79. Rashid's attempt to exercise rights afforded to him through policy of the City of Nolensville and the laws of the State of Tennessee was a substantial factor in Defendant Chief's decision to terminate Rashid;

## Count V

## Violation of the

## Public Employee Political Freedom Act

80. Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference, makes said paragraphs a part as if fully set forth herein;

81. Plaintiff at all times pertinent herein, was an employee of the Nolensville Police Department and the City of Nolensville for purpose of the Public Employee Political Freedom Act. Rashid was terminated on January 8, 2016 by Defendant Chief in violation of this act and the City of Nolensville continued in it's violation of this act;

82. Rashid exercised his right to communicate with elected and other public officials regarding the unlawful conduct of the Nolensville Police Department and Chief Huffines;

83. Rashid's communication with elected and other public officials, the Mayor, and the Board of Mayor and Alderman, was a substantial or motivating factor in his termination of employment by the Nolensville Police Department and Chief Huffines;

84. Rashid was terminated from his employment in violation of the Public Employee Political Freedom Act. Rashid was terminated under the false pretense that he violated Department policy on escalation of force;

85. Defendants' conduct in their termination was retaliatory, intentional, reckless, malicious and/or fraudulent.

86. As a direct and proximate result of the Defendant's violation of the Public Employee Political Freedom Act, Rashid suffered harm and damages for which he seeks compensation;

### IV. Prayer For Relief

**Therefore,** Plaintiff prays that this court:

87. Find that defendants have violated the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. section 1983;

88. Order Equitable and injunctive relief, including reinstatement;

89. Order that Plaintiff be provided a meaningful name clearing opportunity, and restoration of back pay and compensation for lost benefits as this will make him whole for Defendant's deprivation of his rights;

90. Award him compensatory and punitive damages;

91. Award him prejudgment judgment interest costs and attorney's fees; and

92. Grant such other relief as the Court may deem appropriate.

Respectfully Submitted,

*[signature]*

Jacques H. Cabell, BPR 33742
Kelli A. Haas, BPR 21132
Raquel A. Abel BPR 30733
Attorneys for Plaintiff
Kelli Haas & Associates, PLLC
2550 Meridian Blvd, Suite 200
Franklin, Tennessee 37067
p. 615-567-7300
f. 615-567-7301
jacques@khalawgroup.com
kelli@khalawgroup.com
raquel@khalawgroup.com

## OATH

STATE OF TENNESSEE )
)
COUNTY OF ~~WILLIAMSON~~ )
Wilson

After being duly sworn, I hereby make oath that the facts contained in the foregoing pleading are true to the best of my knowledge, information and belief, and are made in truth and sincerity for the cause mentioned.

TARIK ALLAN RASHID

*/s/ Tarik Allan R.*

Sworn to and subscribed before me on this the 14 day of September, 2016

*/s/ Kristin McCaslin*

NOTARY PUBLIC

[Notary Seal: KRISTIN MCCASLIN, STATE OF TENNESSEE NOTARY PUBLIC, RUTHERFORD COUNTY]

My Commission Expires: 8/8/18

1